COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Ortiz, Chaney and Senior Judge Haley
Argued at Richmond, Virginia


JENNIFER DARNELL PROCTOR
                                              MEMORANDUM OPINION* BY
v.      Record No. 0702-22-2                  JUDGE DANIEL E. ORTIZ
                                              MAY 16, 2023
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF MECKLENBURG COUNTY
S. Anderson Nelson, Judge

Gregory A. Ullom (Office of the Public Defender, on brief), for
appellant.

Jason D. Reed, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


A jury convicted Jennifer Darnell Proctor of felony destruction of property. The trial court

later granted Proctor's motion to reduce the conviction to a misdemeanor. On appeal, Proctor

contends that the evidence is insufficient to support her conviction, arguing that the Commonwealth

failed to sufficiently prove that she was the perpetrator. Finding no error, we affirm the trial court's

judgment.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*,

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In

doing so, we discard any of appellant's conflicting evidence, and regard as true all credible evidence

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

In March of 2019, Gary Cook, a CWA Cable TV, Inc. (CWA) technician, worked on a damaged cable pedestal on three separate occasions. CWA customers in the area had experienced a series of cable outages stemming from a damaged pedestal located on an easement running through Proctor's property. On March 15, Cook went to the area to repair the pedestal. While Cook attempted to work on the pedestal, Proctor told him that if he repaired it, she would "tear it out." Cook returned to Proctor's property on March 18 because the pedestal had been damaged again. Proctor was present and appeared, according to Cook, "very belligerent and rude." She told Cook that if he "fixed it she was going to tear it down again." In fact, Proctor attempted to pull out wires as Cook worked on the pedestal. Cook left without repairing the device and returned the next day to move the pedestal off Proctor's property. Mecklenburg County Sheriff's Office Corporal Clayton investigated the incident and photographed the damaged pedestal and cables.

Proctor denied damaging the pedestal, explaining that she merely attempted to move the cables so that she could remove trees and increase the number of parking spaces on her property. She admitted that she spoke with a CWA employee on March 18, but she denied that she was present during the March 15 repair.

The trial court denied Proctor's motions to strike. Although the jury convicted her of felony destruction of property, the trial court later reduced the charge to a misdemeanor. Proctor appeals.

ANALYSIS

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (alteration in original) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)). "In such cases, '[t]he Court does not ask

itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Rather, the relevant question is, upon review of the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Pijor*, 294 Va. at 512). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

"If any person unlawfully destroys, defaces, damages, or removes without the intent to steal any property, real or personal, not his own . . . he is guilty of (i) a Class 1 misdemeanor if the value of or damage to the property . . . is less than $1,000." Code § 18.2-137. Proctor argues that the evidence fails to establish that she was the individual who damaged the cable pedestal. "At trial, the Commonwealth bears the burden of proving the identity of the accused as the perpetrator beyond a reasonable doubt." *Cuffee v. Commonwealth*, 61 Va. App. 353, 364 (2013) (quoting *Blevins v. Commonwealth*, 40 Va. App. 412, 423 (2003)). On appeal, we review the trier of fact's determination regarding the identity of the criminal actor in the context of "the totality of the circumstances." *Brown v. Commonwealth*, 37 Va. App. 507, 523 (2002) (quoting *Satcher v. Commonwealth*, 244 Va. 220, 249 (1992)).

As with any element of an offense, identity may be proven by direct or circumstantial evidence. *Crawley v. Commonwealth*, 29 Va. App. 372, 375 (1999). "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." *Holloway v. Commonwealth*, 57 Va. App. 658, 665 (2011) (quoting *Coleman v. Commonwealth*, 226 Va. 31,

53 (1983)). "Circumstantial evidence is not viewed in isolation." *Id.* (quoting *Commonwealth v. Hudson*, 265 Va. 505, 513 (2003)). "While no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion." *Pick v. Commonwealth*, 72 Va. App. 651, 668 (2021) (quoting *Finney v. Commonwealth*, 277 Va. 83, 89 (2009)).

The evidence established that local CWA customers experienced repeated service interruptions. The cable pedestal was located on an easement on Proctor's property. Cook went to the pedestal on March 15 and discovered that it had been tampered with. Cook repaired the pedestal but had to return only days later because the pedestal had been damaged again. When Cook tried to repair it the second time, Proctor confronted him. During that encounter, Proctor angrily pulled the wires leading to the unit and stated she would destroy the pedestal "again" if he repaired it.

Proctor admitted that she wanted to relocate the unit so she could remove trees and increase the parking spaces on her property, suggesting she had a motive to damage the unit. The evidence demonstrated that Proctor "had motive, opportunity, and means, and the circumstantial evidence 'point[ed] to [her] as the perpetrator beyond a reasonable doubt.'" *Hodges v. Commonwealth*, 45 Va. App. 735, 785 (2005) (quoting *Cantrell v. Commonwealth*, 229 Va. 387, 398 (1985)). Thus, the record sufficiently supports the jury's conclusion that Proctor intentionally damaged CWA property.

CONCLUSION

For the foregoing reasons, we find that the evidence was sufficient to prove Proctor's guilt beyond a reasonable doubt, and we affirm her conviction.

*Affirmed.*